## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

———————————————————————— :
                            :
**Sung Pak,**                           :
                            :
               **Plaintiff,**         :
                            :
         **v.**                   :
                            :          **COMPLAINT**
                            :
**United States of America; SDDO R. Margist,** :
**Shield # 1010; Deportation Officer "R. Zamar"** :
**(as it appears in handwriting); "Polish-** :
**sounding ICE Officer" (a very short white male** :
**ICE Officer with a Polish-sounding name who** :
**was assigned to Plaintiff while he was in** :
**custody); Field Office Director John Tsoukaris;** :
**"Immigration Officer Serving Order" whose** :
**handwritten signature cannot be deciphered;** :
**DO "T # 1003 Violano"; Assistant Field Office** :
**Director "F. Madera"; John Doe Deportation** :
**Officer whose handwritten signature cannot be** :
**deciphered; and John Does,** :
                            :
           **Defendants.**       :
———————————————————————— :

## PRELIMINARY STATEMENT

1.        Plaintiff Sung Pak is a citizen of the United States.  Notwithstanding that objectively verifiable fact, officers of the United States Department of Homeland Security directed the detention of Plaintiff in immigration custody based on their purported, but groundless, belief that Plaintiff was an alien subject to removal from the United States.

2.        As a result of the Officers' actions and inactions, Plaintiff's liberty was unjustly restricted from his arrest on January 26, 2015 to June 16, 2015 (including but not limited to his time in Federal custody from June 26, 2015 until his release from physical custody on April 30, 2015, and his further time while continuing to be subjected to removal proceedings and related restrictions until the termination of the proceedings on June 16, 2015).

3.      Plaintiff brings this action under the Federal Tort Claims Act, and pursuant to the Fourth and Fifth Amendments to the United States Constitution and the authority of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), seeking compensation for the harms that defendants caused.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 & 1346(b).

5.      On January 21, 2017, Plaintiff submitted an Administrative Tort Claim to the United States Department of Homeland Security.  Plaintiff has not received any response from the United States Department of Homeland Security.  Plaintiff has therefore exhausted all available administrative remedies.

6.      Venue is properly with this District under 28 U.S.C. § 1402(b) as the Plaintiff resides, and acts and omissions that are at the core of this Complaint occurred, within this District.

## JURY TRIAL DEMAND

7.      Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

8.      Plaintiff Sung Pak, who is 50 years old, is and was at all times relevant to this Complaint a resident of Queens, New York.  He now lives in Staten Island, New York.

9.      Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

10.          SDDO R. Margist, Shield # 1010; Deportation Officer "R. Zamar" (as it appears in handwriting); "Polish-sounding ICE Officer" (a very short white male ICE [Immigration and Customs Enforcement] Officer with a Polish-sounding name who was assigned to Plaintiff while he was in custody); Field Office Director John Tsoukaris; "Immigration Officer Serving Order" whose handwritten signature cannot be deciphered; DO "T # 1003 Violano"; Assistant Field Office Director "F. Madera"; John Doe Deportation Officer whose handwritten signature cannot be deciphered; and John Does, and any and all other officers involved in the decision to detain Plaintiff in immigration custody or to initiate or continue removal proceedings against him (collectively "Homeland Security Officers") were at all times relevant to this Complaint officers employed by the Department of Homeland Security, an executive agency of the United States of America.  These Homeland Security Officer Defendants are sued in their individual capacity.

11.          At all times relevant to this Complaint, the Homeland Security Officers were acting within the scope and course of their employment with the Department of Homeland Security.

12.          At all times relevant to this Complaint, the Homeland Security Officers were acting as investigative or law enforcement officers.

## FACTUAL ALLEGATIONS

13.          Plaintiff Sung Pak was born in South Korea on November 3, 1967.

14.          He obtained derivative citizenship on August 18, 1981, when he was 13 years old.

15.          On January 26, 2015 Plaintiff was arrested, in the presence of his crying daughter, by approximately five plain-clothed John Does agents of the U.S. Department of

Homeland Security (whose identities at this juncture are unknown, but on information and belief included Defendant SDDO R. Margist, Shield # 1010, and Defendant Deportation Officer "R. Zamar" (as the name appears in handwriting) as at his home in Flushing, New York, and wrongfully placed into custody and into removal proceedings.

16.         During the months he was in custody Plaintiff informed numerous of his John Does captors that he was a U.S. Citizen by derivation, including but not limited to Defendant "Polish-sounding ICE Officer" (a very short white male ICE Officer with a Polish-sounding name who was assigned to Plaintiff while he was in custody).

17.         "Polish-sounding ICE Officer" and the other John Does agents of the U.S. Department of Homeland Security did not take the minimally appropriate investigatory steps to confirm this fact and to return Plaintiff to his liberty, and to terminate the removal proceedings against him, which never should have been initiated.

18.         Some specific, documented examples of wrongful actions and omissions by these Defendant agents of the Department of Homeland Security, in initiating removal proceedings against Plaintiff, and in causing and not remedying Plaintiff's unlawful detention and the continuation of the proceedings against him (during which Plaintiff made multiple appearances by video monitor while in custody), are, *inter alia*:

> -  Department of Homeland Security Notice of Custody Determination (signed by SDDO R. Margist, Shield # 1010, and Deportation Officer "R. Zamar");

> - Department of Homeland Security Notice to Appear and related documents (signed by SDDO R. Margist, Shield # 1010, and Deportation Officer "R. Zamar");

> - Department of Homeland Security Warrant for Arrest of Alien (signed by SDDO R. Margist, Shield # 1010, and Deportation Officer "R. Zamar").

19.     Following his arrest, Plaintiff was held in Federal custody at the Essex County Correctional Facility in New Jersey until April 30, 2015.

20.     Upon his release from the Essex County Correctional Facility Plaintiff was brought to an ICE office elsewhere in New Jersey, and an electronic monitor was affixed to Plaintiff's ankle by John Does.

21.     Plaintiff was released from that ICE Office by John Does with no money and no assistance (the John Does ICE agents refused to drive him to a PATH train station), and it took him approximately six hours, and many telephone calls, for him to be able get to his home in New York from that office.

22.     The following day Plaintiff went - as instructed that he was required to do by the John Does who had affixed the electronic monitor to his ankle - to 26 Federal Plaza in New York City and the ankle monitor was removed by other John Does agents of the Department of Homeland Security, who also did not take steps to terminate the wrongful removal proceedings against Plaintiff.

23.     An April 30, 2015 Department of Homeland Security Order of Release on Recognizance, and related documents from April 30, 2015 and May 1, 2015, are signed by Defendant Field Office Director John Tsoukaris, an "Immigration Officer Serving Order" whose handwritten signature cannot be deciphered, a DO "T # 1003 Violano," an Assistant Field Office Director named "F. Madera", and a John Doe Deportation Officer whose handwritten signature cannot be deciphered.

24.     Plaintiff continued to be wrongfully subjected to removal proceedings until the termination of the proceedings on June 16, 2015.

25.     In a June 16, 2015 Order and Decision Terminating Case an Immigration Judge held that Plaintiff had "derived U.S. citizenship through his father's naturalization in 1981, and [Plaintiff] is therefore not deportable under the Immigration and Nationality Act."

26.     Plaintiff was issued a Certificate of Citizenship by the Department of Homeland Security on November 22, 2016, which states that he became a citizen of the United States of America on August 18, 1981.

27.     On information and belief, John Does Homeland Security Officers - including, but not limited to the currently identified Defendants herein - investigated Plaintiff's background to determine whether he was an alien subject to removal from the United States.

28.     On information and belief, all aliens who are admitted to the United States for lawful permanent residence, including Plaintiff and his father, are identified by an alien number called an "A number." Each "A number" has a corresponding paper file, or "A file," containing documents related to the alien's entry and naturalization.

29.     A cursory review of Plaintiff's A file and/or the A file of his father (or other records in the possession of, or obtainable by, the Homeland Security Officers) demonstrates that Plaintiff obtained derivative citizenship of the United States when his father naturalized in 1981.

30.     At the time that the John Does Homeland Security Officers - including, but not limited to the individually named Defendants herein - investigated Plaintiff's background, Plaintiff's A file and the A file of his father (or other records in the possession of, or obtainable by, the Homeland Security Officers) were readily available to the Officers.

31.     Throughout his time in the custody, Plaintiff repeatedly informed the John Does Homeland Security Officers - including, but not limited to the individually named Defendants

herein - that he is a citizen and that he should not be subject to an immigration detainer or removal proceedings.

32.     Despite Plaintiff's representations to the John Does Homeland Security Officers - including, but not limited to the individually named Defendants herein - that he is a citizen, the Homeland Security Officers failed to conduct an appropriate investigation and willfully and/or recklessly ignored available facts demonstrating Plaintiff's citizenship.

33.     There was no legal cause for the issuance of an immigration detainer or a Notice to Appear against Plaintiff, or for the continuation of removal proceedings against him.

34.     As a direct and proximate result of the conduct of the John Does Homeland Security Officers - including, but not limited to the individually named Defendants herein - plaintiff suffered substantial damages, including physical pain and suffering, medical complications, emotional distress and harm, embarrassment, loss of the enjoyment of life, and lost liberty.

35.     The John Does Homeland Security Officers' - including, but not limited to the individually named Defendants herein - actions deprived Plaintiff of his liberty and thus amounted to a seizure of his person in violation of Plaintiff's constitutional rights.

36.     The John Does Homeland Security Officers' - including, but not limited to the individually named Defendants herein - actions were arbitrary and capricious and had no rational basis.

37.     The John Does Homeland Security Officers' - including, but not limited to the individually named Defendants herein - actions failed to provide Plaintiff with due process of law in violation of Plaintiff's constitutional rights.

38.     At all times relevant to this Complaint, the John Does Homeland Security Officers' - including, but not limited to the individually named Defendants herein - conduct was in willful, reckless, and / or callous disregard of Plaintiff's rights under federal and state law.

39.     At all times relevant to this Complaint, the John Does Homeland Security Officers' - including, but not limited to the individually named Defendants herein - acted jointly and in concert and conspiracy to violate Plaintiff's rights under federal and state law.

## CAUSES OF ACTION

### Count I
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – False Arrest and Imprisonment

40.     The actions and omissions of the Homeland Security Officers that resulted in the seizure of Plaintiff and the continued holding of Plaintiff in physical custody until his release from physical custody, and who failed to take appropriate steps to release Plaintiff from custody, were without probable cause and unlawful, and, as a result, Plaintiff was taken into custody, and held in custody, and had his liberty restrained, without any legal basis.

41.     The acts and conduct of the Homeland Security Officers were the direct and proximate cause of injury and damage to Plaintiff.

42.     The actions of the Homeland Security Officers constitute the tort(s) of false arrest and imprisonment under the laws of the State of New York.

43.     Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Count II**
**Plaintiff v. Defendant United States of America**
**Federal Tort Claims Act – Malicious Prosecution**

44.     The actions and omissions of the Homeland Security Officers that resulted in the institution and continuation of removal proceedings against Plaintiff, and who continued to hold Plaintiff in custody and / or subject to removal proceedings until such time as those removal proceedings against Plaintiff were terminated, and who failed to take appropriate steps to release Plaintiff from custody and / or terminate the removal proceedings against Plaintiff, were without probable cause and unlawful, and caused the prosecution and perpetuation of removal proceedings against Plaintiff without probable cause and with malice.

45.     The removal proceedings brought against Plaintiff were terminated in plaintiff's favor.

46.     The acts and conduct of the Homeland Security Officers were the direct and proximate cause of injury and damage to Plaintiff.

47.     The actions of the Homeland Security Officers constitute the tort of malicious prosecution under the laws of the State of New York.

48.     Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Count III**
**Plaintiff v. Defendant United States of America**
**Federal Tort Claims Act – Abuse of Process**

49.     The Homeland Security Officers employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or

justification, and the defendants were seeking a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate ends of the process.

50.     The acts and conduct of the Homeland Security Officers were the direct and proximate cause of injury and damage to Plaintiff.

51.     The actions and omissions of the Homeland Security Officers constitute the tort of abuse of process under the laws of the State of New York.

52.     Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Count IV**
**Plaintiff v. Defendant United States of America**
**Federal Tort Claims Act – Violation of Right to Due Process**

53.     The Homeland Security Officers, acting under color of law, violated Plaintiff's right to Due Process as protected under Article I, § 6 of the New York State Constitution.

54.     A damages remedy here is necessary to effectuate the purposes of Article I, § 6 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under that section.

55.     The actions and omissions of the Homeland Security Officers were the direct and proximate cause of injury and damage to Plaintiff.

56.     The Homeland Security Officers' violation of Plaintiff's right to Due Process as protected under Article I, § 6 of the New York State Constitution is actionable under the laws of the State of New York.

57.     Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Count V**
**Plaintiff v. Defendant United States of America**
**Federal Tort Claims Act – Assault and Battery**

58.     By the actions described above, the Homeland Security Officers did inflict assault and battery upon Plaintiff.

59.     The acts and conduct of the Homeland Security Officers were the direct and proximate cause of injury and damage to Plaintiff.

60.     The actions and omissions of the Homeland Security Officers constitute the torts of assault and battery under the laws of the State of New York.

61.     Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Count VI**

**Plaintiff v. Homeland Security Officer Defendants**
**Constitutional Claims**

62.     The actions of the Homeland Security Officer Defendants violated Plaintiff's right to be free from unlawful seizures in violation of the Fourth Amendment to the United States Constitution and deprived plaintiff of liberty without due process of law in violation of the Fifth Amendment to the United States Constitution.

63.     The acts and conduct of the Homeland Security Officers were the direct and proximate cause of injury and damage to Plaintiff.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.


Dated:      New York, New York
             January 24, 2018

                                  _____/S/_____
                                  JEFFREY A. ROTHMAN, Esq.
                                  315 Broadway, Suite 200
                                  New York, New York 10007
                                  (212) 227-2980

                                  Attorney for Plaintiff